IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Pinktoe Tarantula Limited, Debtor. | Chapter 11 Case No. 18-10344 |
| In re: Desert Blonde Tarantula Limited, Debtor. | Chapter 11 Case No. 18-10345 |
| In re: Red Rump Tarantula Limited, Debtor. | Chapter 11 Case No. 18-10346 |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION
<u>OF THE DEBTORS' CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY</u>**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move the Court (the "**Motion**"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order, substantially in the form attached hereto (the "**Proposed Order**"): authorizing and directing the joint administration of the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for procedural purposes only, and providing any additional relief required in order to effectuate the foregoing. In support of this Motion, the Debtors respectfully state as follows:

**Status of the Case**

1. On the date hereof (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**").

2. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in these Chapter 11 Cases.

**Jurisdiction, Venue, and Statutory Predicates**

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

**Background**

6. The Debtors own and operate four retail stores in New York, California, and Nevada, primarily selling Charlotte Olympia brand luxury shoes and accessories.[1] The Debtors occupy the stores under leases with various landlords. The Debtors are headquartered in New York City and have 21 full and part-time employees.

---

[1] Debtor Red Rump Limited previously owned and operated a store in Florida, which closed prior to the Petition Date.

7. The Debtors have filed these chapter 11 cases to effectuate an orderly liquidation of their assets.

8. A detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of the Chapter 11 Cases, is more fully set forth in the *Declaration of William Kaye in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

## Relief Requested

9. By this Motion, the Debtors seek entry of an order directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only.

10. The Debtors also request that the caption of their Chapter 11 Cases be modified to reflect the joint administration of the Chapter 11 Cases substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PINKTOE TARANTULA LIMITED, *et al.*,[1] | Case No. 18-10344 |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Pinktoe Tarantula Limited (8609), Desert Blonde Tarantula Limited (7124), and Red Rump Tarantula Limited (0288).

11. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket in each of the above-captioned Chapter 11 Cases to reflect the joint administration of these Chapter 11 Cases:

3

> An order (the "**Joint Administration Order**") has been entered in this case directing the joint administration of the chapter 11 cases listed below under Case No. 18-10344. The docket in Case No. 18-10344 should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Case No. 18-10344; Case No. 18-10345; and Case No. 18-10346.

12. Finally, the Debtors request that the Court authorize that a combined service list be used for the jointly administered Chapter 11 Cases and that combined notices be sent to creditors of the Debtors' estates.

## Basis for Relief Requested

13. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b). Desert Blonde Tarantula Limited and Red Rump Tarantula Limited are direct subsidiaries of Pinktoe Tarantula Limited, such that the Debtors constitute "affiliates" of one another within the meaning of section 101(2) of the Bankruptcy Code.[2] Accordingly, this Court is authorized to grant the requested relief by virtue of the fact that the above-listed Debtors are affiliates of the lead Debtor.

14. Furthermore, Local Rule 1015-1 provides that the Court may order joint administration, without notice or a hearing, upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted. Del. Bankr. L.R. 1015-1.

---

[2] Section 101(2) of the Bankruptcy Code defines "affiliate" to include, in relevant part, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2).

15. The First Day Declaration, filed simultaneously herewith, establishes that the Debtors, consisting of a parent corporation and two direct subsidiaries, are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

16. Joint administration of these Chapter 11 Cases will ease the administrative burden on the Court and the parties, and protect creditors of different estates against potential conflicts of interest. The Debtors anticipate that there will be numerous notices, applications, motions, other documents, pleadings, hearings and orders in these Chapter 11 Cases. With affiliated debtors, each with their own case docket, the failure to administer these Chapter 11 Cases jointly would result in numerous duplicative pleadings being filed and served upon parties identified in separate service lists. Such duplication of substantially identical documents would be uneconomical and would unnecessarily overburden the Debtors, the Clerk of this Court (the "**Clerk**"), creditors and other parties-in-interest in these Chapter 11 Cases.

17. Joint administration will permit the Clerk to use a single general docket for each of the Debtors' Chapter 11 Cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Joint administration also will protect parties-in-interest by ensuring that such parties-in-interest in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in each of these Chapter 11 Cases.

18. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered Chapter 11 Cases be in the form set forth in Paragraph 9 of this Motion. The Debtors submit that use of the simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

19. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Chapter 11 Cases inasmuch as the relief requested herein is procedural in nature only and is in no way intended to affect substantive rights. Each party-in-interest will maintain claims or rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the efficiencies and reductions in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee also will be simplified.

### Consent to Jurisdiction

20. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

### Notice[3]

21. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) creditors holding the twenty largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (c) those parties requesting notice pursuant to Bankruptcy Rule 2002; (d) the Office of the United States Attorney for the District of Delaware; (e) the Office of the Secretary of State of the State of Delaware; and (f) the Internal Revenue Service. As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion

---

[3] Capitalized terms used in the Notice section but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

in accordance with the Local Rules.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

22.    No prior request for the relief sought in this Motion has been made to this or any other court.

## **Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: February 17, 2018

GREENBERG TRAURIG, LLP
*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile   (302) 661-7360
Email:   melorod@gtlaw.com

-and-

John D. Elrod  (*pro hac vice pending*)
Benjamin R. Keck (*pro hac vice pending*)
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone:  (678) 553-2259
Facsimile:   (678) 553-2269
Email:  elrodj@gtlaw.com
           keckb@gtlaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*